## SANDFORD PLUMB *v.* OLIVER NILES.

### *Contract.*

The plaintiff was the owner and holder of a note payable to A. or bearer, and had a suit pending thereon against the defendant. The defendant had a note against A. at the same time. The plaintiff promised the defendant, if he would give a new note to the plaintiff for the one then in suit, he would show the defendant property belonging to A. sufficient to secure the note

Plumb *v.* Niles.

the defendant held against A. Thereupon the defendant gave the plaintiff a new note for the one then in suit. This action was upon the new note. *Held* the failure of the plaintiff to show the defendant property whereupon to secure his note against A., was no defence to this suit, as the promises, though mutual, were independent, and each party could have an action on such promise without proving performance on his part.

This was an action on a promissory note. The cause was referred, and the referee reported as follows :

" The plaintiff gave in evidence a promissory note signed by the defendant, bearing date December 8, 1855, for the sum of forty-nine dollars and eighty-nine cents, payable on demand with interest, and there rested the case.

The defendant resisted the plaintiff's claim and proved the following facts by way of defence :

That in January, 1843, the said Niles on settlement with one Ozias S. Plumb, found himself indebted to him in the sum of twenty-six dollars, for which sum Niles gave him his promissory note dated 24th of January, 1843, for the sum of twenty-six dollars, payable on demand with interest. It further appeared in evidence that in the winter or spring of 1843, Niles purchased of one David Boardman a promissory note which Boardman held against Plumb, for the sum of about sixty-two dollars, and that immediately after the purchase of said note, Niles gave notice to Plumb, that he held said sixty-two dollar note, and that Plumb, soon after such notice, promised Niles-that the sixty-two dollar note should apply on the said twenty-six dollar note, which Niles had executed to Plumb, but Plumb assigned as a reason for not doing it then that the said twenty-six dollar note was then in the possession of one Sandford Plumb. It further appeared in evidence that some time during the year 1843, Ozias S. Plumb having become embarassed in his circumstances and his credit impaired, passed the said twenty-six dollar note of said Niles and some other notes, into the hands of Sandford Plumb, to indemnify him for certain liabilities he was to incur for the said Ozias S., and that the said Sandford Plumb thereupon purchased certain goods for the said Ozias, of one Williston, and in payment for the same turned over to the said Williston the said twenty-six dollar note against said Niles, and that said Williston

called upon said Niles for payment of said note who declined paying the same, and thereupon the said Williston returned said note to said Sandford Plumb; that in the fall of 1848, Niles commenced a suit against Ozias S. Plumb upon the said sixty-two dollar note, before Justice French, which was continued by said Justice from time to time until April, 1849, when the said suit was abandoned. It further appeared the 28th day of May, 1849, the said Niles and Ozias S. Plumb agreed as follows, that the said Niles would give up to the said Ozias the sixty-two dollar note and the said Ozias S. would deliver up to said Niles the said twenty-six dollar note, and that thereupon the said Niles delivered up to said Ozias S. the sixty-two dollar note and the said Ozias S. Plumb then drew and delivered to said Niles, an order upon Sandford Plumb to deliver to said Niles the twenty-six dollar note. The order was received, however, subject to objection of the plaintiff, also the evidence that the said Niles and Ozias S. Plumb agreed upon a surrendering up of the notes as above stated, was received subject to the plaintiff's objection It further appeared that the said Niles, some time after the execution of the order above mentioned, presented the same to said Sandford Plumb who declined delivering up said twenty-six dollar note, saying the same belonged to him, said Sandford; that in the spring of 1850, and about the month of April, the twenty-six dollar note remaining unpaid to the said Sandford, he commenced a suit upon it against the said Niles, and the same was made returnable before Nicholas Clark, Justice of the Peace, and on the return day of the writ the said Niles and said Sandford Plumb met before said Justice Clark. Niles wanted a continuance, but Justice Clark advised a settlement, whereupon the said Sandford Plumb proposed to the said Niles if he would give the said Sandford a new note for the amount of the said twenty-six dollar note, he, said Sandford, would show him property of the said Ozias S. Plumb, sufficient to satisfy his the said Niles' claim against the said Ozias S., which proposition of the said Sandford the said Niles accepted, and then and there executed to the said Sandford his note dated April 22d, 1850, for the amount of the twenty-six dollar note which was then delivered up to said Niles. The costs of the suit before Justice Clark

Plumb *v.* Niles

were not claimed ·but given up. It further appeared, and I so find, that after the execution of the said note of the 22d of April, 1850, to said Sandford, the said Niles applied to said Sandford to show him property of said Ozias S. Plumb, ·upon which he might secure his demand against said Ozias S. It did not appear that the said Sandford pointed out any particular property of said Ozias S. to said Niles, but replied, " Get your writ against Ozias S. and I will show you property." This application was repeated by Niles and a similar reply from said Sandford returned. But it was proved at the hearing, and so I find the fact, that. at the time Niles executed the note of the 22d of April, 1850, tó said Sanford, the said Ozias S. was living upon the Bascomb farm, so-called, in Whitingham, and that while he lived upon said farm he owned and had a horse and wagon there and some neat cattle there, and that in April, 1851, Ozias S. owned and had in his possession on said Bascomb farm and subject to attachment, stock to the value of one hundred and twenty dollars which was then attached by a creditor of said Ozias S. It further appeared that on the 8th of December, 1855, the said Sandford called upon the said Niles, and informed him that his note of the date of the 22d of April, 1850, was nearly outlawed, and requested him to renew it ; and the said Niles then took up the former note and executed therefor the note now in suit, being for the sum of forty-nine dollars and eighty-nine cents ($49,89). The defendant claimed at the hearing that this last note was made and ·executed to the plaintiff upon the same terms as the former note of the 22d of April, 1850, but the referee did not find any satisfactory proof that the plaintiff upon the occasion of the execution of the last note gave any assurances or promise that he would show to Niles any property of the said Ozias S. whatever, but the said Niles testified that *he understood* and expected when he signed the note in suit that it was to be held on the same terms as the previous note. In the year 1856, the plaintiff sent his son to the defendant, with a message to call for the payment of the note in suit, that the son communicated the, message to the defendant, who replied to him that he would pay it soon, and upon the messenger's return, he informed the plaintiff of Niles' reply.

It further appeared that when the plaintiff took back from Williston the twenty-six dollar note of Niles, he paid Williston the amount thereof in money, and that the property of Ozias S. Plumb, which was attached in 1851, he procured to be receipted, and the same was not removed from the farm, and that during all the time said Ozias S. lived upon the Bascomb farm, he owned personal property to some extent, which was not excepted from attachment.

The result is that upon the foregoing facts, I think, the plaintiff is entitled to recover of the defendant the amount of the promissory note declared upon in this suit, and I do therefore find for the plaintiff to recover of the defendant the sum of sixty-four dollars and nineteen cents, being the amount of said note and interest, and his costs, subject however to the opinion of the court upon the case above stated."

The Court, REDFIELD, Ch. J., presiding, at the September Term, 1860, rendered judgment on the within report for the plaintiff for $64.19, to which the defendants excepted.

*H. N. Hix,* for the defendant.

*Davenport & Haskins,* for the plaintiff.

KELLOGG, J.    The defence in this suit proceeds on the ground that the note in suit was given in substitution for another note executed by the defendant to the plaintiff on the 24th April, 1850, on the settlement of a suit commenced by the plaintiff against the defendant on a note executed by the defendant to Ozias S. Plumb on the 24th January, 1843, and that the neglect of the plaintiff to perform his undertaking, made at the time of the execution of the note dated 24th April, 1850, as stated in the referee's report, viz : that if the defendant would execute that note, he, the plaintiff, would show him property of the said Ozias S. Plumb sufficient to satisfy the defendant's claim against said Ozias—constituted an entire failure of the consideration of that note, and that the note in suit, being executed in substitution for that note, had no consideration to support it.

Whether the defendant could have successfully defended the

suit which was settled by the note executed on the 24th April, 1850, or not, is a question which it is not necessary to deter-mine, as the settlement of the suit, and the surrender to the defen-dant of the note upon which it was predicated, furnished a suf-ficient consideration for the execution of the note dated 24th April, 1850. But we think that it is clear, on the facts reported by the referee, that the undertaking of the plaintiff to show to the defendant property of Ozias S. Plumb sufficient to satisfy the defendant's claim against said Ozias, was an independent contract or promise, and that, though the note and this undertaking were mutual contracts or promises entered into by the parties at the same time, each party has his remedy on the promise in his favor, without performing his part of the contract. In this view of the case, the defence cannot be supported. No other question being made on behalf of the defendant, the judgment of the county court in favor of the plaintiff is affirmed.